# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

KANWAR GULATI, BHAWNA GULATI,

                Plaintiffs,

-vs-                                    Case No.  6:05-cv-1097-Orl-28DAB

COUNTRYWIDE HOME LOANS, INC.,
TROPICAL VILLAGE, INC., PATRICK
KIRKLAND,

                Defendants.

_____

## ORDER

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT COUNTRYWIDE HOME LOANS, INC.'S MOTION TO STRIKE DEMAND FOR JURY TRIAL** (Doc. No. 12) |
| **FILED:** | **December 27, 2005** |

_____

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

        Plaintiff is suing Defendants for securities fraud and state fraud claims arising from the purchase of a condominium at Harbor Bay Senior Village in Kissimmee, Florida for $670,000, with a $586,400 mortgage from Countrywide Home Loans, Inc.  Doc. No. 1.  Defendant Countrywide Home Loans, Inc., filed a Motion to Strike the Jury Demand in Plaintiff's Complaint.  Doc. No. 12.

        Plaintiffs do not dispute that the Mortgage contains a waiver of jury trial.  Instead, Plaintiffs

argue in their Response that their jury trial waiver is not enforceable because Mrs. Gulati is not a sophisticated borrower; Plaintiffs were not represented by counsel in the mortgage transaction; and Plaintiffs allege fraud.  Doc. No. 22.  Plaintiffs also contend that a decision regarding the jury trial waiver should be deferred, in part because other Defendants have not raised the waiver issue. Countrywide's Reply[1] contends that Plaintiffs have failed to provide any evidence that their waiver was not knowing and voluntary.  Doc. No. 25-2.  The Court agrees that Plaintiffs have failed to meet their burden.

On May 21, 2003, Plaintiffs voluntarily executed a note and mortgage with Countrywide to finance their purchase of a condominium at the Harbor Bay Senior Village (hereinafter the "Mortgage").  Doc. No. 12-2.  The Mortgage contains a "jury trial waiver" in Paragraph 25 of the Mortgage, which identifies each of Plaintiffs as "Borrower."  The "Jury Trial Waiver" reads: "The Borrower hereby waives any right to a trial by jury in any action, proceeding, claim or counterclaim, whether in contract, tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note."  Doc. No. 12-2 ¶ 25.  Plaintiffs agreed to the waiver when they executed the Mortgage.  Doc. No. 12-2 at 11.  Plaintiffs also agreed that the law governing the transaction would be federal law and "the law of the jurisdiction in which the Property is located," *i.e.*, Florida.  *See* Doc. No. 12-2 ¶ 16.

The right to a jury trial in federal courts is to be determined by federal law in diversity actions. *Allyn v. Western United Life Assurance Co.*, 347 F. Supp. 2d 1246, 1251 (M.D. Fla. 2004) (citing *Simler v. Conner*, 372 U.S. 221, 222 (1963).  The question of whether the right has been waived is

---

[1]Countrywide was granted leave to file a Reply on January 24, 2006.  Doc. No. 27.

also governed by federal law.  *Id.*  "Where a jury trial waiver is claimed under a contract executed before litigation, it must be shown that the waiver was assented to knowingly, voluntarily, and intelligently."  *Id*.  The Eleventh Circuit has not yet decided whether the party seeking to enforce the waiver or opposing the waiver bears the burden of proving the validity of the waiver itself.  *Id.* at 1251.  Regardless of which party bears the burden of proving the validity of the waiver, on the undisputed facts of this case, the waiver was knowingly, voluntarily and intelligently made and is enforceable.

Courts consider five factors in determining whether a jury trial waiver was knowing and voluntary: (1) the conspicuousness of the provision in the contract; (2) the level of sophistication and experience of the parties entering into the contract; (3) the opportunity to negotiate terms of the contract; (4) the relative bargaining power of each party; and (5) whether the waiving party was represented by counsel.  *Id*. at 1252 (citing cases).  The "Jury Trial Waiver" paragraph is the final numbered paragraph immediately above the borrower's signature line.  Doc. No. 12-2 at 11.  The title of the paragraph, "Jury Trial Waiver," is in bold print and the paragraph reads:

> The Borrower[2] hereby waives any right to a trial by jury in any action, proceeding, claim, or counterclaim, whether in contract or tort, at law or in equity, arising out of or in any way related to this Security Instrument or the Note.

Doc. No. 12-2 at 11.  Plaintiffs do not dispute that they signed the Mortgage or the related documents. The waiver provision was not buried in the middle of the document, and the language of the Waiver is clear and straightforward.  Plaintiffs do not argue that they did not read the provisions.  Plaintiffs own a residence in California and were purchasing the $733,000 Harbor Bay Senior Village

---

[2]The Mortgage contains a provision which states that singular terms will include plurals.

-3-

condominium as an investment property. Doc. No. 1 ¶ 9.  Mr. Gulati is an automobile sales finance manager at a Toyota dealership in San Jose, California, Mrs. Gulati is a homemaker, and they have a joint annual income in excess of $200,000.  Both Plaintiffs had 16 years of schooling. Doc. No 12-4 at 1.  At the time they applied for the Mortgage for the investment property, Plaintiffs were in the process of refinancing their primary residence.

Plaintiffs do not contend that they did not read the Mortgage before they signed it, nor do they contend that they did not have the opportunity to obtain counsel if they desired to do so.  As Countrywide points out, Plaintiffs have not produced any evidence support for their contention that the jury trial waiver was not knowingly, voluntarily, and intelligently given.  Plaintiff also do not make the argument that they suffered "an extreme bargaining disadvantage" which might invalidate the waiver.  Plaintiffs sought out the investment in the condominium by responding to a *Wall Street Journal* advertisement (Doc. No. 1 ¶ 10) and, based on their assets as listed on their loan application (cash of $60,000 and equity in their home of $268,000), they were not under economic duress to complete the transaction in the investment condominium.  *See* Doc. No. 12-4 at 2-3.  All of these factors support the finding of a valid waiver.

Plaintiffs contend that their allegations of securities fraud and common law fraud invalidate the jury trial waiver provision in the Mortgage.  "[A]greements to waive jury trials, as well as those fixing venue, making a choice of law, and the like would be practically unenforceable if they could be avoided simply by an allegation of fraud in the inducement."  *Allyn v. Western United Life Assur. Co.,* 347 F.Supp.2d 1246, 1255 (M.D. Fla. 2004) (internal quotation omitted).  Plaintiffs have not alleged that their assent to the jury trial waivers themselves were procured by fraud.  *See id.*  The Court finds Plaintiffs' Jury Trial Waiver in the Mortgage to be valid and enforceable; thus

-4-

Countrywide's Motion to Strike the Demand for Jury Trial on the claims against Countrywide is **GRANTED.**  The Court does not reach, and the parties did not brief the issue of the applicability of the Jury Trial Waiver to the claims against other Defendants, which do not arise out of execution of the Mortgage.  *See* Doc. No. 25-2, Countrywide's Reply, at 2 ("Whether the Gulatis may be entitled to trial by jury against other defendants is not a concern.").

On February 7, 2006, Judge Antoon denied Plaintiffs' Motion for Leave to file a surreply brief. Plaintiffs had already filed the surreply brief without leave of Court as Docket No. 31.  The Clerk is **DIRECTED** to delete Docket. No. 31 which fails to comply with the requirements of Local Rule 3.01(b) of the Middle District of Florida, which reads as follows:

> (b) Each party opposing any written motion or other application shall file and serve, within ten (10) days after being served with such motion or application, a brief or legal memorandum with citation of authorities in opposition to the relief requested.  No other briefs or legal memoranda directed to any such written motion shall be filed or served by any party unless requested by the Court.

United States District Court for the Middle District of Florida, Local Rule 3.01(b).

**DONE** and **ORDERED** in Orlando, Florida on February 17, 2006.

_David A. Baker_

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record